**FILED**

**January 25, 2018**

**TN COURT OF
WORKERS' COMPENSATION
CLAIMS**

**Time: 3:50 P.M. EASTERN**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# IN THE COURT OF WORKERS' COMPENSATION CLAIMS
# AT KNOXVILLE

| | | |
|---|---|---|
| **JOHNNIE W. SANDERS,** | ) | **Docket No. 2017-03-0327** |
| **Employee,** | ) | |
| **v.** | ) | |
| **WAL-MART ASSOCIATES, INC.,** | ) | |
| **Employer,** | ) | **State File No. 20140-2017** |
| **And** | ) | |
| **NEW HAMPSHIRE INSURANCE** | ) | |
| **COMPANY,** | ) | |
| **Carrier.** | ) | **Judge Pamela B. Johnson** |

## COMPENSATION HEARING ORDER GRANTING SUMMARY JUDGMENT

This case came before the Court on January 22, 2018, on Wal-Mart Associates' Motion for Summary Judgment. The central legal issue is whether Wal-Mart is entitled to summary judgment due to Mr. Sanders' failure to come forward with evidence at this summary judgment stage supporting essential elements of his claim. For the reasons set forth below, the Court holds that Wal-Mart is entitled to summary judgment and dismisses his claim with prejudice.

### History of Claim

Mr. Sanders slipped, fell, and injured his low back while working for Wal-Mart as a truck driver. The slip-and-fall occurred in Pageland, South Carolina, while he refueled his truck. Mr. Sanders stated he fell only once but provided multiple, conflicting dates of injury: a June 2015 date in his hearing testimony; a June 8, 2015 date in his Affidavit; an August 14, 2015 date in an Associate Incident Report; a January 2016 date in an Associate Incident Report; and a June 8, 2016 date in his Petition for Benefit Determination.

Wal-Mart offered medical treatment immediately following his report of the August 14, 2015 injury and again on May 26, 2016, but Mr. Sanders declined. When Mr. Sanders rejected treatment, he acknowledged that Wal-Mart would not pay for any

1

unauthorized medical treatment. Mr. Sanders then agreed to see the panel-selected physician on June 8, 2016, but the physician declined to evaluate him and did not bill Wal-Mart for the appointment. Wal-Mart paid no workers' compensation benefits to or on behalf of Mr. Sanders.

Mr. Sanders did not pursue his claim again or seek medical treatment until he filed his Petition for Benefit Determination (PBD) on March 15, 2017. At an Expedited Hearing, Mr. Sanders testified that all other alleged injury dates were wrong and unequivocally stated his injury occurred on June 8, 2015. This Court denied benefits because Mr. Sanders failed to demonstrate he was likely to prevail at a hearing on the merits that he filed his claim within the statute of limitations.

Afterward, Wal-Mart filed its Motion for Summary Judgment, along with a Statement of Undisputed Material Facts and a Memorandum of Law. Counsel for Wal-Mart sent Mr. Sanders, who is self-represented, a copy of Rule 56 of the Tennessee Rules of Civil Procedure and Tennessee Code Annotated section 20-16-101. Wal-Mart argued it is entitled to summary judgment because Mr. Sanders failed to establish that he filed his PBD before the expiration of the statute of limitations. It further argued Mr. Sanders violated the notice requirements and failed to show he suffered a compensable injury.

Mr. Sanders filed a response in the form of a letter and attached a Standard Form Medical Report of Dr. John Craig Rylands.[1] Dr. Rylands identified a June 8, 2015 date of injury with the first evaluation on March 22, 2016. Dr. Rylands noted, "Pt tells me he fell at work." He marked "yes" when asked whether the employment activity, more likely than not, was primarily responsible for the injury or primarily responsible for the need for treatment. He also answered "yes" when asked whether the injury more probably than not arose out of the employment. Mr. Sanders did not specifically respond to Wal-Mart's Statement of Undisputed Facts and did not cite to the record in his response.

**Legal Principles and Analysis**

Tennessee Code Annotated section 20-16-101 and Tennessee Rule of Civil Procedure 56 govern motions for summary judgment. Rule 56.03 requires that a motion for summary judgment "be accompanied by a separate concise statement of the material facts as to which the moving party contends there is no genuine issue for trial." Aside from Rule 56, in motions for summary judgment in any civil action in Tennessee, the moving party who does not bear the burden of proof at trial shall prevail on its motion for summary judgment if it: "(1) Submits affirmative evidence that negates an essential

---

[1] Wal-Mart moved to strike Mr. Sanders' response because he failed to serve the response on counsel of record, who received it from the Court Clerk. The Court finds no prejudice to Wal-Mart in Mr. Sanders' defective service and denies the motion.

element of the nonmoving party's claim; or (2) Demonstrates to the court that the nonmoving party's evidence is insufficient to establish an essential element of the nonmoving party's claim." Tenn. Code Ann. § 20-16-101.

In response, Mr. Sanders, as the nonmoving party, must "demonstrate the existence of specific facts in the record which could lead a rational trier of fact to find in favor of the nonmoving party." *Rye v. Women's Care Ctr. of Memphis, MPLLC*, 477 S.W.3d 235, 265 (Tenn. 2015). "The focus is on the evidence the nonmoving party comes forward with *at the summary judgment stage*, not on hypothetical evidence that theoretically could be adduced . . . at a future trial." *Id.* (emphasis added).

Here, Mr. Sanders' response is defective. He did not respond to Wal-Mart's Statement of Undisputed Facts and did not set forth facts in dispute with specific citations to the record. Self-represented litigants "must comply with the same standards to which lawyers must adhere." *Burnette v. K-Mart Corp.*, 2015 TN Wrk. Comp. App. Bd. LEXIS 2, at *6 (Jan. 20, 2015). The Workers' Compensation Appeals Board explained that courts must "be mindful of the boundary between fairness to a pro se litigant and unfairness to the pro se litigant's adversary. Thus, the courts must not excuse pro se litigants from complying with the same substantive and procedural rules that represented parties are expected to observe." *Id.*

Mr. Sanders failed to comply with Rule 56's requirements, and this Court cannot excuse his noncompliance with the rules that Wal-Mart must observe. Likewise, the Court cannot consider legal arguments that Mr. Sanders did not fully develop or cite to existing law. "It is not the role of the courts, trial or appellate, to research or construct a litigant's case or arguments for him or her." *Sneed v. Bd. of Prof'l Responsibility of the Sup. Ct. of Tenn.*, 301 S.W.3d 603, 615 (Tenn. 2010).

Wal-Mart argued that the statute of limitations and notice provisions barred Mr. Sanders' claim and that he failed to prove he suffered a compensable injury.

Focusing on the statute of limitations, Wal-Mart stated Mr. Sanders alleged four separate dates of injury from which his single slip-and-fall occurred. However, he unequivocally testified the incident occurred June 8, 2015, and stated all other alleged dates of injury were wrong. Wal-Mart paid no benefits to or on behalf of Mr. Sanders. It argued Mr. Sanders' statute of limitations expired before he filed his PBD on March 15, 2017.

Applying the above standards, Mr. Sanders failed to show that he filed his PBD within one year of the date of injury. The Court holds he failed to come forward with evidence at this summary judgment stage to support this essential element of his claim. Accordingly, having carefully reviewed the evidence in a light most favorable to Mr.

3

Sanders, this Court concludes he failed to demonstrate that his evidence is sufficient at this summary judgment stage to identify a dispute as to a material fact in this case.

For these reasons, the Court holds it is unnecessary to address Wal-Mart's remaining defenses.

**IT IS, THEREFORE, ORDERED** as follows:

1. Wal-Mart's Motion for Summary judgment is granted, and Mr. Sanders' claim against Wal-Mart for the requested workers' compensation benefits is dismissed on the merits with prejudice to its refiling.

2. The filing fee of $150.00 is taxed to Wal-Mart under Tennessee Compilation Rules and Regulations 0800-02-21-.07 (2016), to be paid within five days of the entry of this order, and for which execution may issue as necessary.

3. Wal-Mart shall prepare and submit the SD-1 within ten days of the date of judgment.

**ENTERED January 26, 2018.**

PAMELA B. JOHNSON, JUDGE
**Court of Workers' Compensation Claims**

4

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the Compensation Hearing Order Granting Summary Judgment was sent to the following recipients by the following methods of service on January 26, 2018.

| Name | Certified Mail | Fax | Email | Service sent to: |
|---|---|---|---|---|
| Johnnie Sanders, Self-Represented Employee | X | | X | 1204 Park Hill Circle Knoxville, TN 37909 casanders@fullsail.edu |
| Celeste Watson, Employer's Attorney | | | X | celeste@cmwatsonlaw.com |

**PENNY SHRUM, Court Clerk**
**WC.CourtClerk@tn.gov**